UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

BRANDON KEITH GAUTHREAUX

VERSUS

EUGENE SIMPSON ET AL

CIVIL ACTION

NO: 13-795-JJB

## RULING ON DEFENDANT'S MOTION TO DISMISS

This matter is before the Court on a Motion (doc. 5) to Dismiss brought by Defendant, State of Louisiana. Plaintiff, Brandon Keith Gauthreaux ("Gauthreaux"), filed an opposition (doc. 8). Oral argument is unnecessary. The Court has jurisdiction pursuant to 28 U.S.C. § 1331. For the reasons stated herein, the Defendant's motion (doc. 5) to dismiss is GRANTED.

**I. Background**

Gauthreaux brings this action pursuant to 42 U.S.C. § 1983 for deprivation of his constitutionally-protected rights under the 5th and 14th Amendments of the United States Constitution. Plaintiff also asserts claims under Louisiana tort law for negligence, false imprisonment, invasion of privacy and intentional and/or negligent infliction of emotional distress. Defendant, State of Louisiana, brings this motion to dismiss arguing that Plaintiff has failed to state any allegations against the State of Louisiana under 42 U.S.C. § 1983.

The following facts from Gauthreaux's Petition are accepted as true for purposes of this motion. *See Bass v. Stryker Corp.*, 669 F.3d 501, 507 (5th Cir. 2012). On August 6, 2012, Gauthreaux was arrested by an Iberville Parish Sheriff's deputy on a bench warrant for contempt of court which was issued for Gauthreaux's failure to appear in the 18th Judicial District Court for a civil hearing. In the late evening of August 6, 2012, Gauthreaux was taken to the Iberville Parish prison for processing. On the morning of August 7, 2012, Gauthreaux attempted to post bond on the $1,000.00 contempt of court charge. When Paige Smith ("Smith"), Gauthreaux's

1

friend, attempted to make bail arrangements for Gauthreaux, Smith learned from the Iberville Parish prison there was a "probation hold" on Gauthreaux which preventing posting bond and denied Gauthreaux's release from the Iberville Parish prison. Iberville Parish prison personnel told Smith that Eugene Simpson ("Simpson"), a misdemeanor probation officer, put a probation hold on Gauthreaux. Gauthreaux was held in the Iberville Parish prison until September 16, 2012, when he was taken to Court for a status conference on his civil case before Judge James J. Best. During the status conference, Gauthreaux explained his situation to Judge Best. Gauthreaux was later brought before Judge William Dupont. After explaining his situation to Judge Dupont, Dupont ordered Gauthreaux's immediate release upon return to the Iberville Parish prison.

Following these events, Gauthreaux filed suit in the 18th Judicial District Court against (a) Simpson, (b) the Eighteenth Judicial District Judicial Expense Fund ("JEF"), a political subdivision of the State of Louisiana created by La. R.S. 13:996.36, (c) the State of Louisiana, through the Eighteenth Judicial District Court ("the 18th JDC"), pursuant to Louisiana Constitution Art. 5 § 1, La. R.S. 13:5102 and La. R.S. 49:258, (d) the Honorable James J. Best, the Honorable Robin Free, the Honorable Alvin Batiste, and the Honorable William Dupont, Judges of the Eighteenth Judicial Court, and (e) the Honorable Brett Stassi, Sheriff of Iberville Parish. Defendant, the Honorable Brett Stassi, moved to remove the suit to federal court where it now stands. On December 27, 2013, Defendant, State of Louisiana, filed a motion to dismiss for failure to state a claim (doc. 5). On February 3, 2014, Plaintiff Gauthreaux filed a Memorandum in Opposition to Motion to Dismiss (doc. 8).

 II. Discussion

  A. The 12(b)(6) Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When reviewing the complaint, a court must accept all well-pleaded factual allegations as true. *C.C. Port. Ltd. v. Davis-Penn Mortg. Co.*, 61 F.3d 288, 289 (5th Cir. 1995). In order to survive a motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A court need not determine at this preliminary stage whether the plaintiff's claims will ultimately succeed on the merits. *Id*. at 556. Instead, a court must identify the factual allegations entitled to the presumption of truth and determine whether they state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

### B. Claims

The Court finds that the Plaintiff's claims under federal law are to be dismissed. Defendant, State of Louisiana, correctly asserts that under 42 U.S.C. § 1983 a municipality cannot be held liable on a *respondeat superior* theory. *Monell v. Dep't of Social Services*, 436 U.S. 658, 691 (1978). It has been established that only the direct acts or omissions of government officials will lead to individual liability under § 1983. *Coleman v. Houston Independent School District,* 113 F.3d 528, 534 (5th Cir. 1997). Furthermore, a state is not a "person" under 42 U.S.C. § 1983. *Will v. Michigan*, 491 U.S. 58, 70-72 (1989). Accordingly, Gauthreaux has failed to state a claim upon which relief may be granted and his § 1983 claim asserted against the State of Louisiana must be dismissed.

Plaintiff's state law tort claims for negligence, false imprisonment, invasion of privacy, and intentional and/or negligent infliction of emotional distress still remain. The Court must determine whether to continue to exercise supplemental jurisdiction over the Plaintiff's

remaining claims. *See* 28 U.S.C. § 1367. A district court may decline to exercise supplemental jurisdiction if, among other things, "the district court has dismissed all claims over which it has original jurisdiction." § 1367(c). Although a court has wide discretion in determining whether to exercise supplemental jurisdiction, the "general rule" is to decline to exercise supplemental jurisdiction when all federal claims have been eliminated before trial. *Smith v. Amedisys Inc.*, 298 F.3d 434, 446-47 (5th Cir. 2002) (quoting *Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (5th Cir. 1999)).

In this case, the Court has dismissed all claims over which it has original jurisdiction. Only the state law claims remain, and the Court does not have an independent basis for asserting jurisdiction over them. Since the claims involve issues of state law, the principle of comity weigh in favor of allowing a state court to adjudicate their merits. Accordingly, the state law claims are dismissed without prejudice.

### III. Conclusion

For the reasons stated herein, Defendant's motion (doc. 5) to dismiss is GRANTED and Plaintiff's federal claim against the State of Louisiana is DISMISSED. Plaintiff's state law claims asserted against the State of Louisiana are DISMISSED WITHOUT PREJUDICE.

Signed in Baton Rouge, Louisiana, on March 20, 2014.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**